UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

PHILLIP JOHNSON,

        Petitioner,

        -v-

JAMES BERBARY, Superintendent,

        Respondent.

**DECISION and ORDER**
09-CV-168S

───────────────────────────────

    Petitioner, Phillip Johnson, proceeding *pro se* and who is seeking relief pursuant to 28 U.S.C. § 2254, has submitted a letter to the Clerk of the Court requesting a copy of the underlying state court records submitted to the Court on December 14, 2009, by respondent's counsel herein, which has been docketed and is now construed as a motion seeking a copy of said records. (Docket No. 12).

    Section 2250 of Title 28 , provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. Courts in this Circuit discussing 28 U.S.C. § 2250 have determined that two relevant factors must be considered: First, whether the petitioner has been permitted to proceed *in forma pauperis*; and second, whether petitioner has demonstrated a sufficient need for the transcripts. *See Williams v. Greene*, 04-CV-04507 (DRH)(ARL),

2007 WL 2711631, at 2-3 (E.D.N.Y. Sept. 13, 2007); *Rodriguez v. Artus*, 07-CV-00185(WMS) (LGF), 2008 WL 919629 (W.D.N.Y. April 3, 2008).

Here, petitioner has established both of these factors and his motion for the transcripts is therefore granted.[1] Accordingly,

IT IS HEREBY ORDERED that respondent's counsel shall arrange for copies of the underlying state court records submitted to the Court, to be forwarded to petitioner within 45 days of receipt of this Order. If any of the material to be produced is subject to the restrictions of New York Civil Rights Law, § 50-b, respondent shall notify the Court prior to producing the records or transcripts, so that the Court may restrict petitioner's use of the transcripts. *Id.* To the extent petitioner may be requesting sanctions against respondent's counsel for not forwarding a copy of said records to him, said request is denied.

SO ORDERED

Dated: February 25, 2010
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[1] The Court does not question in this matter that the habeas petitioner, *pro se* or otherwise, who is challenging his state court conviction has a legitimate need for the records and transcripts of the underlying state criminal trial court proceedings.