UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILLIP JOHNSON,

              Petitioner,

**DECISION AND ORDER**
**No. 09-CV-0168T**

    -vs-

JAMES BERBARY,

             Respondent.
_____

**I.  Introduction**

*Pro se* petitioner Phillip Johnson ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered January 5, 2006, in New York State, Supreme Court, Erie County, convicting him, upon a plea of guilty, of one count of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law ("Penal Law") § 265.02 [5][ii]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

**II.  Factual Background and Procedural History**

Under Indictment No. 00119-2005, Petitioner was charged with two counts of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02 [1] and [5][iii]) and one count of Criminal Possession of Stolen Property in the Fourth Degree (Penal Law § 165.45[4]).  See Resp't Ex. A.

On June 1, 2005, Petitioner pleaded guilty to one count of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02 [5][iii]) in full satisfaction of the indictment. Plea Mins. [P.M.] 14-15.

On January 5, 2006, Petitioner was sentenced, as a second felony offender,[1] to three years imprisonment and five years post-release supervision. Sentencing Mins. [S.M.] 2-3, 15. The sentence was set to run consecutive to an unrelated conviction in Monroe County. S.M. 15.

A timely notice of appeal was filed on Petitioner's behalf by his trial attorney (Giovanni Genovese, Esq.). By order dated April 3, 2006, the Appellate Division, Fourth Department ("Fourth Department") permitted Petitioner to conduct his appeal as a poor person, and an attorney was assigned to represent Petitioner (David C. Schopp, Esq.). Subsequently, owing to Petitioner's abandonment of his appeal, appellate counsel filed a motion to be relieved. That motion was granted. See Resp't Ex. B.

Petitioner did not perfect his direct appeal. By order dated November 3, 2008, the Fourth Department dismissed Petitioner's direct appeal. See Resp't Ex. B.

On or about February 8, 2007, Petitioner filed a motion to set aside the verdict, pursuant to N.Y. Crim. Proc. Law ("CPL") §

---

[1] The record reflects that the People initially alleged Petitioner's status as a second violent felony offender. However, after a review of the relevant files, the People moved Petitioner as a second felony offender. S.M. 2-3.

440.20, which was denied. Leave to appeal was denied. See Resp't Ex. C.

On or about November 10, 2007, Petitioner filed an application for a writ of error coram nobis in the Fourth Department, arguing that he received ineffective assistance of appellate counsel.[2] That motion was summarily denied by the Fourth Department, and leave to appeal was denied. See Resp't Ex. E.

On or about January 10, 2008, Petitioner filed a motion to vacate his judgment of conviction, pursuant to CPL § 440.10, which was denied. Leave to appeal was denied. See Resp't Ex. D.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) that his sentence was "illegal"; (2) that the indictment was "illegal"; and (3) ineffective assistance of appellate counsel. See Pet. ¶ 22A-D (Dkt. # 1).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or

---

[2] Petitioner's direct appeal had not been perfected, nor dismissed at the time Petitioner filed his coram nobis application in the Fourth Department.

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v.

Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B. Exhaustion**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28

U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)."

**IV. Petitioner's Claims**

**1. Claim One - "Illegal" Sentence**

Petitioner argues that his sentence was "illegal." To support this contention, he states, "the only way a person can be convicted of a class D-felony such person would be having to be attempting to commit[] a class c-felony [and] I was not ne[i]ther was I charged of such." Pet. ¶ 22A. Petitioner raised this claim in his CPL § 440.20 motion, and it was denied on the merits.[3] See Mem. & Order of the Supreme Court, Erie County (Hon. Richard C. Kloch, Sr.), dated 11/16/07 at 2 (hereinafter "440.20 Dec.") (Resp't Ex. C).

To the extent Petitioner challenges the length of his sentence, such a claim is not cognizable on habeas review. It is

---

[3]

The Supreme Court, Erie County ruled as follows: "The defendant seeks to vacate his sentence on the weapons charge because he alleges that he did not plead to that portion of the statute which directs that the conviction was for an attempt to commit a class C felony. He is correct that he did not plead to an attempt to commit a class C felony; he pled guilty to a class D felony as prescribed by the statute which is a violent felony offense. PL § 60.05 (6) mandates that a determinate sentence must be imposed upon conviction of Criminal Possession of a Weapon in the Third Degree. Said statute requires that the sentence may not be less than three (3) years nor greater than (7) years. Any determinate sentence also requires a period of five (5) years post release supervision." 440.20 Dec. at 2 (internal citations omitted). To the extent that Petitioner calls upon this Court to make a determination that the Erie County Supreme Court's statutory interpretation of New York's Penal Law (and/or the accompanying sections of New York's sentencing scheme) that relate to Petitioner's claim was incorrect, such a request is outside the purview of this Court. See Estelle v. McGuire, 502 U.S. 62, 67-8 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

well-settled that a habeas petitioner's challenge to the length of his or her prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law.") (citing Underwood v. Kelly, 692 F.Supp 146 (E.D.N.Y. 1988), aff' mem., 875 F.2d 857 (2d Cir. 1989)); accord Ross v. Gavin, 101 F.3d 687 (2d Cir. 1996) (unpublished opinion). Because Petitioner's sentence falls within the permissible statutory range, he may not challenge the length of the sentence in the instant proceeding.

Here, Petitioner pled guilty to Criminal Possession of a Weapon in the Third Degree, a class D violent felony. See P.M. 14-15. His plea exposed him to a potential sentence of between three and seven years. See Penal Law § 70.06 [6][c]. He was sentenced, as a second felony offender, to a determinate three year term of imprisonment and five years post-release supervision. S.M. 15. This term is well within the range set by New York law.

Accordingly, Petitioner's claim that his sentence was "illegal" is not cognizable by this Court, and is therefore dismissed.

**2. Claim Two - "Illegal" Indictment**

Petitioner contends, for what appears to be the same reasons he advances in his first claim above, that the indictment was "illegal." He states, "if I wasn't attempting to commit[] a Class C-Felony I wasn't suppose[d] to be indicted on a Class-D Felony ne[i]ther." Pet. ¶ 22B. Petitioner raised this claim in his CPL § 440.10 motion, and it was rejected on the merits.[4] See Mem. & Order of the Supreme Court, Erie County (Hon. Richard C. Kloch, Sr.), dated 05/29/08 at 2 (hereinafter "440.10 Dec.") (Resp't Ex. D).

As an initial matter, Petitioner's claim that the indictment was "illegal" has been waived by his plea of guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of

---

4

The Supreme Court, Erie County ruled as follows: "Resolution of this motion requires examination of the charge to which the defendant pled guilty. He did not plead to an attempt to commit a class C felony; rather, he pled guilty to a Class D felony, to wit: Criminal Possession of a Weapon in the Third Degree. Criminal Possession of a Weapon in the Third Degree requires proof of the possession of a weapon outside the home or business while having been convicted of a felony or misdemeanor within the last five (5) years (PL § 265.02 [5][ii]). An examination of the defendant's colloquy his admission to having committed all of the elements of the crime. The defendant's assertion that there was insufficient evidence is of no moment because by admitting to the elements of criminal possession of a weapon, he waived any evidentiary challenges to the accusation lodged against him." 440.10 Dec. at 2.

federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Thus, Petitioner's challenge to the indictment is barred by his knowing, voluntary, and intelligent plea of guilty.

Even assuming, *arguendo*, that this claim was not waived by the guilty plea, it is not cognizable, and, in any event, meritless.

"Although the Due Process Clause [of the Fourteenth Amendment] guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." Alexander v. Louisiana, 405 U.S. 625, 633 (1972); see Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990). Thus, a claim based on a grand jury indictment free of defect does not provide a basis for habeas review because the claim

does not present a federal question, as required by 28 U.S.C. § 2254(a).

Generally, "habeas corpus is not available to test the sufficiency of the indictment." United States ex rel Mintzer v. Dros, 403 F.2d 42, 43 (1967). "An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992).

Here, the indictment was sufficient to inform Petitioner of the charges against him since it recited the elements of the statute as well as the date and place. Furthermore, it also had enough detail to allow him to plead double jeopardy. Thus, Petitioner has failed to demonstrate that there was an error of state law, let alone an error of federal constitutional law. See De Vonish v. Keane, 19 F.3d 107, 108 (2d Cir. 1994) (per curiam) ("An indictment is sufficient when it charges a crime (1) with sufficient precision to inform the defendant of the charges he must meet and (2) with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.") (citations omitted). Accordingly, Petitioner's claim that the indictment was "illegal" is not cognizable and, in any event, meritless.

In sum, Petitioner's claim that the indictment was "illegal" presents no grounds for habeas relief. The claim is therefore dismissed.

### 3. Claims Three and Four - Ineffective Assistance of Appellate Counsel

Petitioner asserts that he received ineffective assistance of appellate counsel based on counsel's failure to: (1) perfect Petitioner's direct appeal; and (2) to advance those claims raised in the first two grounds of the instant habeas petition.[5] See Pet. ¶ 22D. Petitioner raised this claim in his coram nobis application, which was summarily denied by the Fourth Department. See Order of the Fourth Department, dated July 24, 2008 (Resp't Ex. E). Summary denial of Petitioner's motion constitutes an adjudication on the merits of this claim. Sellen v. Kuhlman, 261 F.3d 303, 311-12 (2d Cir. 2001).

It is well-settled that the failure to file a notice of appeal, when timely requested by a defendant following a conviction, is deemed ineffective assistance of counsel within the meaning of the Sixth Amendment. See United States v. Fuller, 332 F.3d 60, 64 (2d Cir. 2003); Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002); McHale v. United States, 175 F.3d 115, 119 (2d Cir. 1999); see also Roe v. Flores-Ortega, 528 U.S. 470, 477

---

[5] To reiterate, those two grounds are that Petitioner's sentence and the indictment were "illegal." See Pet. ¶ 22A-B.

(2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). However, "[a]t the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe, 528 U.S. at 477. By the same reasoning, if a defendant does not timely request that a notice of appeal be filed, or agrees, after further discussions with counsel, that one should not be filed, no ineffective assistance claim is made out simply because a notice of appeal is not filed. See id. at 479.

Here, the record reflects that, subsequent to the imposition of Petitioner's judgment of conviction, a notice of appeal was filed on his behalf. See Notice of Appeal, signed by Attorney Genovese, dated 01/16/06 (Resp't Ex. B). Appellate counsel (Attorney Schopp) was assigned to represent Petitioner in that appeal. The record further reflects that appellate counsel made multiple attempts to contact Petitioner for purposes of discussing how Petitioner wished to proceed with the appeal. In his correspondence to Petitioner, appellate counsel requested that Petitioner contact him to discuss which issues Petitioner wished to raise on appeal. In these same letters, appellate counsel also informed Petitioner of potentially viable appellate claims, but advised Petitioner that the raising of said claims were, for

tactical reasons, not necessarily in Petitioner's best interest. The record reflects that Petitioner responded to only one of appellate counsel's letters, and that this letter was unresponsive to appellate counsel's inquiries. As a result, assigned appellate counsel informed Petitioner that Petitioner's continued failure to assist in the prosecution of his direct appeal would result in counsel's decision to seek to be relieved. See Notice of Motion & Affirmation dated 08/28/07 (Resp't Ex. B). Ultimately, counsel sought and obtained such relief on October 17, 2007. See Order of the Fourth Department, dated 10/17/07 (Resp't Ex. B). Over a year later, on November 3, 2008, absent any activity from Petitioner, his direct appeal was dismissed by the Fourth Department. See Order of the Fourth Department, dated 11/3/08 (Resp't Ex. B).

Under these circumstances, this Court cannot find that appellate counsel provided constitutionally ineffective assistance of counsel. It is evident from the record that while an appeal was filed on Petitioner's behalf, the failure to perfect that appeal was not attributable to appellate counsel. To the contrary, appellate counsel made considerable efforts to contact Petitioner and to move forward with the appeal pursuant to Petitioner's wishes. After repeated efforts to obtain Petitioner's input to no avail, appellate counsel moved to withdraw as assigned appellate counsel.

Accordingly, the state court's adjudication of this claim did not contravene or unreasonably apply settled Supreme Court law, and the claim is dismissed.

## V. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: December 30, 2010
Rochester, New York